# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-1139V
Filed: June 22, 2018
UNPUBLISHED

| | |
|---|---|
| RAQUEL FOURNIER,<br><br>　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　Respondent. | Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Shoulder<br>Injury Related to Vaccine<br>Administration (SIRVA) |

*Danielle Strait, Maglio Christopher & Toale, PA, Seattle, WA,* for petitioner.
*Ilene Clair Albala, U.S. Department of Justice, Washington, DC,* for respondent.

## DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

On August 23, 2017, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that that she suffered left shoulder injuries due to an influenza vaccination received on September 30, 2016. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On June 11, 2018, a ruling on entitlement was issued, finding petitioner entitled to compensation for her SIRVA. On June 22, 2018, respondent filed a proffer on award of compensation ("Proffer") indicating petitioner should be awarded a lump sum of $95,169.66, as well as $7,027.61 to satisfy a Medicaid lien. Proffer at 1. In the Proffer, respondent represented that petitioner agrees with the proffered award. Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Pursuant to the terms stated in the attached Proffer, **the undersigned awards the following compensation, which** represents compensation for all damages that would be available under § 300aa-15(a)**:**

1. **A lump sum payment of $95,169.66 in the form of a check payable to petitioner, Raquel Fournier;** and

2. **A lump sum payment of $7,027.61**, representing compensation to the state of California of a Medicaid lien, in the form of a check payable jointly to petitioner and to:

    Department of Health Care Services
    Recovery Branch – MS4720
    P.O. Box 997421
    Sacramento, CA 95899-7421

Petitioner agrees to endorse this check to the state of California.

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

                                      **s/Nora Beth Dorsey**
                                      Nora Beth Dorsey
                                      Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
# OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| RAQUEL FOURNIER,  ) | |
| ) | |
| Petitioner,  ) | |
| ) | No. 17-1139V |
| v.  ) | Chief Special Master Dorsey |
| ) | ECF |
| SECRETARY OF HEALTH AND  ) | |
| HUMAN SERVICES,  ) | |
| ) | |
| Respondent.  ) | |

## PROFFER ON AWARD OF COMPENSATION

**I.     Items of Compensation**

On June 11, 2018, Chief Special Master Dorsey issued a Ruling on Entitlement finding that petitioner is entitled to vaccine compensation for her shoulder injury related to vaccine administration ("SIRVA"). Based upon the evidence of record, respondent proffers that petitioner should be awarded compensation consisting of a lump sum of $95,169.66, as well as $7,027.61 to satisfy a Medicaid lien, which represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a).[1]  Petitioner agrees.

**II.    Form of the Award**

Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment of $95,169.66, in the form of a check payable to petitioner, as well as a lump sum payment of $7,027.61, representing reimbursement to the state of California Medicaid lien ("Medi-Cal"), in the form of a check payable jointly to petitioner and:

        Department of Health Care Services
        Recovery Branch – MS 4720
        P.O. Box 997421
        Sacramento, CA 95899-7421

Petitioner agrees to endorse this check to the state of California.

    Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

                Respectfully submitted,

                CHAD A. READLER
                Acting Assistant Attorney General

                C. SALVATORE D'ALESSIO
                Acting Director
                Torts Branch, Civil Division

                CATHARINE E. REEVES
                Deputy Director
                Torts Branch, Civil Division

                HEATHER L. PEARLMAN
                Assistant Director
                Torts Branch, Civil Division

                */s/ Ilene Albala*
                ILENE ALBALA
                Trial Attorney
                Torts Branch, Civil Division
                U.S. Department of Justice
                P.O. Box 146
                Ben Franklin Station
                Washington, D.C. 20044-0146
                Direct dial: (202) 616-3655

Dated: June 22, 2018

---

[1] Should petitioner die prior to the entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.